UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IREN GRAY COOPER, ET AL.                               CIVIL ACTION

VERSUS                                                 NUMBER: 15-1238

MARLIN GUSMAN, ET AL.                                  SECTION: "I"(5)

### ORDER AND REASONS

The complaint in this 42 U.S.C. §1983 proceeding was drafted by *pro se* Plaintiff, Iren Gray Cooper ("Cooper"), and included the names of 12 other purported co-Plaintiffs, all of whom were inmates of the Orleans Justice Center ("OJC") at the time. (Rec. doc. 1, pp. 7-8). Because none of those 12 individuals had actually signed the complaint or submitted separate applications to proceed *in forma pauperis* ("IFP"), they were not considered to be proper party plaintiffs in this case. (Rec. doc. 4). Ultimately, one of those 12 individuals, Lawrence Jackson ("Jackson"), submitted a duly-completed IFP application and was allowed to so proceed as a co-Plaintiff herein. (Rec. docs. 21, 26).

In due course, a preliminary conference was convened via telephone on January 4, 2016, with Plaintiffs and counsel for Defendants participating, during which all parties agreed to proceed to trial before the undersigned pursuant to 28 U.S.C. §636(c). (Rec. doc. 38). To memorialize the parties' election in that regard, and as was discussed during the course of the preliminary conference, Plaintiffs were mailed, along with a copy of the Court's minute entry from January 4, 2016, the required form patterned after that prescribed by Rule 84, Form 81, Fed. R. Civ. P., for their execution and return to the Court. (*Id.*). Shortly thereafter, Jackson returned his properly-executed §636(c) consent form to the Court in which he also advised that he had been transferred to the Riverbend Detention Center

("RDC") in Lake Providence, Louisiana.  (Rec. doc. 39).  Once the consent issue was finalized, the preliminary conference was reconvened via telephone on March 21, 2016 and a trial date was established along with other pertinent deadlines.  (Rec. doc. 43).  The minute entry from that reconvened conference specifically instructed the Plaintiffs, as did their original complaint, that they were to promptly notify the Court if there was any change in their mailing addresses as required by Local Rule 11.1.  (Rec. docs. 43, p. 2; 1, p. 6).  Pursuant to the terms of the scheduling order, Defendants timely-filed their witness and exhibit list on September 2, 2016.  (Rec. doc. 45).  Defendants subsequently moved for and were granted leave to depose the Plaintiffs as required by Rule 30(a)(2)(B), Fed. R. Civ. P.  (Rec. docs. 46, 47, 48, 49).  Copies of the orders granting Defendants such leave that were mailed to Jackson at his address of record, RDD, were returned to the Court as undeliverable on September 22, 2016 with a notation that he was no longer housed there.  (Rec. doc. 53).  Another order that was mailed to Jackson at RDC has also been returned as undeliverable on October 7, 2016. (Rec. doc. 57).  It has now been over 35 days since those pieces of mail were returned to the Court as undeliverable and no address correction has been made by Jackson.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to promptly notify the court of any address … change."  The practical considerations that the Local Rule was intended to address were touched upon by the Fifth Circuit years ago, as follows:

> "It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes

2

>normally would be reflected by those inquiries if made in writing."
>
>*State v. Shannon*, No. 87-CV-3951,
>1988 WL 54768 at *1 (E.D. La. May 23, 1988)
>(quoting *Perkins v. King*, No. 84-3310,
>slip. op. at *4 (5th Cir. May 19, 1985)).

Simply put, Local Rule 11.1 imposes an affirmative obligation on parties like Jackson to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden.[1]  *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n. 1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *St. Juniors v. Burgess*, No. 15-CV-0350, 2016 WL 4368230 (E.D. La. Aug. 16, 2016); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. Mar. 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).  Local Rule 41.3.1 further provides that "[t]he failure of a[] … pro se litigant to notify the court of a current postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."  Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of a plaintiff to prosecute his case or to comply with a court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

As noted above, Plaintiff Jackson has failed to keep the Court apprised of a current mailing address as is required by Local Rule 11.1.  Plaintiff has also failed to heed the specific advice that he do so that was provided to him during the course of the reconvened

---

[1] While the vast amount of court-generated information is transmitted to litigants electronically via the CM/ECF system, communications with *pro se* plaintiffs are still conducted primarily by mail.

3

preliminary conference and as set forth in the Court's scheduling order. (Rec. doc. 43, p. 2). Plaintiff's inaction in this regard has deprived the Court of the ability to communicate with him and, consequently, to advance his case on the docket. As Jackson is proceeding *pro se*, these failures are attributable to him alone. Accordingly it is ordered that the claims of Plaintiff, Lawrence Jackson, against the Defendants are dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

New Orleans, Louisiana, this  17th  day of        November           2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE