UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IREN GRAY COOPER, ET AL.                                CIVIL ACTION

VERSUS                                                  NUMBER: 15-01238

MARLIN GUSMAN, ET AL.                                   SECTION: "I"(5)

**ORDER AND REASONS**

The above-captioned matter is a 42 U.S.C. §1983 civil rights proceeding challenging various conditions of confinement that allegedly existed at the Orleans Justice Center ("OJC") in New Orleans, Louisiana. (Rec. doc. 1). Although the original complaint filed herein included the names of a number of purported co-Plaintiffs (*id.* at pp. 7-8), ultimately only two of those individuals, Iren Gray Cooper ("Cooper") and Lawrence Jackson ("Jackson"), submitted duly-completed applications to proceed *in forma pauperis* and were allowed to so proceed. (Rec. docs. 2, 3, 21, 26). In due course, a preliminary conference was held and the parties agreed to proceed to trial before the undersigned pursuant to 28 U.S.C. §636(c). (Rec. docs. 38, 39, 40). Along the way, both Cooper and Jackson were transferred from OJC to other penal institutions within the state. (Rec. docs. 39, 50). When Court-generated mail that was sent to Jackson at his address of record was returned as undeliverable and he failed to provide a proper mailing address as required by Local Rule 11.1, his claims were dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1. (Rec. docs. 53, 57, 60, 66, 70, 80, 82, 83). With the dismissal of Jackson's claims, only Cooper remained as a Plaintiff.

Throughout the pendency of this matter, there have been two trial settings. (Rec. docs. 43, 69). The scheduling orders that were issued by the Court contained deadlines for

the filing of witness and exhibit lists with the cautionary proviso that "[a]bsent good cause, no party may call a witness or use an exhibit at trial unless they have been timely listed." (Rec. docs. 43, p. 2; 69, p. 1). Although the Defendants timely filed a witness and exhibit list (rec. doc. 45), Plaintiff failed to do so within either of the two Court-imposed deadlines. As a consequence, Plaintiff was advised during a November 20, 2017 status conference that he would be prohibited from calling any witnesses at trial and would be limited to his testimony alone. (Rec. doc. 74). That course of action is specifically sanctioned by Rule 16(f). *Neff v. Ford*, No. 96-CV-3627, 1997 WL 465286 at *1-3 (E.D. La. Aug. 11, 1997).

Pursuant to a writ of *habeas corpus ad testificandum* (rec. doc. 76), on December 4, 2017, Plaintiff was transported here from the Raymond LaBorde Correctional Center in Cottonport, Louisiana, for a trial on the merits. After being advised in detail of the procedure that would be followed at trial, Plaintiff refused to be sworn or to affirm the truthfulness of the testimony that he was expected to give, citing a Biblical passage in support. (Rec. doc. 77, pp. 7-9). In an effort to accommodate any sincerely-held religious beliefs, a status conference via telephone was held on December 19, 2017, during which Plaintiff was offered the opportunity to provide trial testimony under penalty of perjury in substantial conformity with 28 U.S.C. §1746 as he has twice done in pleadings that he filed in this case.[1] (Rec. docs. 1, p. 6; 35, p. 3). Plaintiff, however, steadfastly refused to do so without justification. (Rec. doc. 86, pp. 4-6).

In *Ferguson v. Commissioner of Internal Revenue*, 921 F.2d 588 (5th Cir. 1991), the Fifth Circuit held that the tax court violated the Free Exercise Clause by dismissing a lawsuit for

---

[1] The specific language the Court proffered was: "I declare and verify under penalty of perjury under the laws of the United States that the testimony I provide in this proceeding will be true and correct." (Rec. doc. 86, p. 6).

failure to prosecute after the petitioner refused to swear or affirm the truthfulness of her testimony on religious grounds.  At the same time, "[t]he requirement that a witness affirm that he is telling the truth is an established rule of procedure designed to assure fairness and reliability," *Kaltenbach v. Breaux*, 690 F.Supp. 1551, 1556 (W.D. La. 1988), and "… it is clear … that an outright refusal to make *some* kind of pledge would frustrate the operation of the judicial system."  *Society of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1217 (5th Cir. 1991)(footnote omitted).  In the present case, the Court attempted to accommodate any sincerely-held religious beliefs that the Plaintiff may have had by offering to reconvene trial and allowing him to testify under penalty of perjury in substantial conformity with 28 U.S.C. §1746 as he has so pledged in at least two pleadings that he filed in this case.  Plaintiff's refusal to take such an oath – free of any religious undertones – without justification frustrates the operation of the Court and the judicial process and warrants the dismissal of this matter for failure to prosecute pursuant to Rule 41(b).  *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998)(citing *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).  Judgment will be entered accordingly.

New Orleans, Louisiana, this  21st  day of _____December_____, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE